Samantha N. Hoffman (SBN 212135)
Rassa L. Ahmadi (SBN 287576)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
HoffmanS@jacksonlewis.com
Rassa.Ahmadi@jacksonlewis.com

Ashley B. Abel (*Pro Hac Vice*)
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Tel: (864) 232-7000
Fax: (864) 235-1381
AbelA@jacksonlewis.com

Attorneys for Defendants
PFIZER INC. and MEDIVATION, INC. 2015 SEVERANCE PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| TINA SAMPATH,<br><br>              Plaintiff,<br><br>     vs.<br><br>PFIZER INC., MEDIVATION, INC. 2015<br>SEVERANCE PLAN,<br><br>             Defendants. | CASE NO.: 3:17-CV-04851-EMC<br><br>[*Related to Forer v. Pfizer Inc.*<br> *Case No. 17-cv-05997-EMC*]<br><br>**STIPULATION AND PROPOSED ORDER**<br>**REGARDING COUNTERCLAIMS BY**<br>**DEFENDANT PFIZER INC.** |

1    Pursuant to Northern District of California Local Rule 7-12, Plaintiff Tina Sampath ("Plaintiff")

2    and Defendants Pfizer Inc. ("Pfizer") and Medivation, Inc. 2015 Severance Plan (the "Plan") (collectively,

3    the "Parties"), present the following stipulations and proposed order for resolution of Defendant Pfizer's

4    counterclaims and Plaintiff's motion to dismiss Pfizer's counterclaims (ECF No. 26).

5        1.    The Affidavits of Plaintiff Tina Sampath and Daniel Feinberg are attached hereto as Exhibit

6    1 and Exhibit 2, respectively, and incorporated herein by reference.

7        2.    In summary, Plaintiff signed a confidentiality agreement on March 31, 2016 in connection

8    with her employment by Medivation and Pfizer as Medivation's successor. (Ex. 1 at ¶ 3.) During the final

9    months of Plaintiff's employment with Pfizer in 2017, Pfizer contends its records reflect that Plaintiff

10   transferred numerous files to her personal email account ("Transferred Files"). Pfizer contends that it

11   discovered the transfer when Plaintiff filed this action and that it asserted counterclaims in this action to

12   protect its confidential and proprietary information. (ECF No. 16.) Plaintiff contends that she used the

13   Transferred Files only to facilitate work she performed for Pfizer at home or for purposes of her

14   claim/appeal for severance benefits. (Ex. 1 at ¶ 4.) Pfizer contends that it does not know, without the

15   benefit of discovery, what Plaintiff did with the Transferred Files.

16       3.    Counsel for Plaintiff and Pfizer have engaged in discussions and have agreed on this

17   Stipulation and Proposed Order, together with the Affidavits of Plaintiff and her counsel, to address and

18   resolve the Counterclaims (ECF No. 16) with sufficient protection of the Transferred Files as well as

19   resolving Plaintiff's Motion to Dismiss the Counterclaims. (ECF No. 26.).

20       4.    Based upon the above stipulations by Plaintiff and Plaintiff's counsel, and subject to entry

21   of the proposed order below, Defendant Pfizer stipulates to the dismissal, without prejudice, of Pfizer's

22   Counterclaims included in Defendants' Amended Answer (ECF No. 16), and Plaintiff stipulates to

23   dismissal of her Motion to Dismiss Defendant Pfizer's Counterclaims (ECF No. 26) as moot.

24   ///

25   ///

26   ///

27   ///

28   ///

**IT IS SO STIPULATED.**

Dated:  January 10, 2018

FEINBERG, JACKSON, WORTHMAN &
WASOW LLP

By:    *s/Daniel M. Feinberg*
Daniel M. Feinberg
Attorneys for Plaintiff
TINA SAMPATH

Dated:  January 10, 2018

JACKSON LEWIS P.C.

By:    *s/Samantha N. Hoffman*
Samantha N. Hoffman
Rassa L. Ahmadi
Attorneys for Defendants
PFIZER INC. and MEDIVATION, INC. 2015
SEVERANCE PLAN

## ORDER

The Parties having so stipulated and good cause appearing, it is hereby ORDERED as follows:

    1.    Defendant Pfizer's Counterclaims asserted with Defendants' Amended Answer (ECF No. 16) are dismissed, without prejudice.

    2.    Plaintiff's motion to dismiss Defendant Pfizer's Counterclaims (ECF No. 26) is dismissed as moot.

    3.    Plaintiff and her counsel will return the Transferred Files, including any copies thereof, to Pfizer, through its current counsel of record, no later than thirty (30) days after (1) final judgment is entered in this action or (2) final resolution of any appeal in this action, whichever is later. In the alternative, Plaintiff and her counsel may destroy the Transferred Files, including any copies thereof, and confirm by submission of a sworn declaration affirming, under penalty of perjury, that all such copies and/or records have been destroyed. Failure of Plaintiff or her counsel to comply therewith shall be redressable by refiling of Pfizer's Counterclaims, or via the Court's contempt authority or other appropriate judicial powers.

**IT IS SO ORDERED.**

Dated: _____1/16/18_____



Edward M. Chen
United S...
IT IS SO ORDERED
Judge Edward M. Chen

EXHIBIT 1

1 | Samantha N. Hoffman (SBN 212135)
Rassa L. Ahmadi (SBN 287576)
2 | JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
3 | Irvine, CA 92618
Tel: (949) 885-1360
4 | Fax: (949) 885-1380
HoffmanS@jacksonlewis.com
5 | Rassa.Ahmadi@jacksonlewis.com

6 | Ashley B. Abel (*Pro Hac Vice*)
JACKSON LEWIS P.C.
7 | 15 South Main Street, Suite 700
Greenville, SC 29601
8 | Tel: (864) 232-7000
Fax: (864) 235-1381
9 | AbelA@jacksonlewis.com

10 | Attorneys for Defendants
PFIZER INC. and MEDIVATION, INC. 2015 SEVERANCE PLAN

11 |

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | SAN FRANCISCO/OAKLAND DIVISION

15 |

16 | TINA SAMPATH,                                    ) CASE NO.: 3:17-CV-04851-EMC
                         Plaintiff,                 )
17 |                                                 ) [*Related to Forer v. Pfizer Inc., et al.,*
                vs.                                  ) *Case No. 17-cv-05997-EMC*]
18 |                                                 )
     PFIZER INC., MEDIVATION, INC. 2015              ) **PLAINTIFF'S AFFIDAVIT REGARDING**
19 | SEVERANCE PLAN,                                 ) **COUNTERCLAIMS BY DEFENDANT**
                                                     ) **PFIZER INC.**
20 |                      Defendants.                )
                                                     )
21 |                                                 )
                                                     )
22 |                                                 )
                                                     )
23 |                                                 )
                                                     )
24 |                                                 )
                                                     )
25 |                                                 )
                                                     )
26 |                                                 )
                                                     )
27 | ————————————————————————————)

28 |

I, Tina Sampath, declare under penalty of perjury as follows:

1.      I am the Plaintiff in this lawsuit. I have personal knowledge of the facts stated in this Affidavit. If called as a witness, I can truthfully and competently testify to these facts.

2.      I have reviewed the Counterclaims filed against me by Defendant Pfizer Inc., and have prepared this declaration in support of the Parties' Joint Stipulation and proposed Order resolving said Counterclaims.

3.      I acknowledge that on March 31, 2016, I signed the Medivation Confidential Information and Invention Assignment Agreement, a copy of which is attached as Exhibit A (the "Confidentiality Agreement"). The terms of the Agreement are incorporated herein by reference.

4.      From late April through late June of 2017, I transferred certain electronic files to my personal email account. I am informed that Pfizer's records show a total of 122 such file transfers during this period (hereafter, the "Transferred Files"). I transferred all of the Transferred Files for the purpose of my claim and appeal for severance benefits under the Medivation, Inc. 2015 Severance Plan (the "Plan") or to facilitate work I performed for Pfizer at home.

5.      Included in the Transferred Files were PowerPoints, emails, spreadsheets, and other documents that Pfizer marked as "confidential," "privileged," and/or "internal use only", including with respect to such areas as marketing, branding, and financial planning and results, as well as documents relating to information provided or developed by third-party consultants.

6.      I represent and affirm that I took the Transferred Files solely for purposes of my claim and appeal for severance benefits under the Medivation, Inc. 2015 Severance Plan (the "Plan") or to facilitate work I performed for Pfizer at home.

7.      I voluntarily terminated my employment with Pfizer effective July 6, 2017. I did not return any of the Transferred Files to Pfizer at that time or thereafter. All of the documents in the Transferred Files that I retained after the termination of my employment with Pfizer have been produced to Defendants as part of the Administrative Record compiled by Plaintiff and Plaintiff's Counsel.

8.      I have not provided copies of any of the Transferred Files to any person or entity other than my current counsel of record, Daniel Feinberg of Feinberg, Jackson, Worthman & Wasow LLP.

9.      I have not disclosed any information contained in any of the Transferred Files to any person

or entity other than my current counsel of record for purposes of this lawsuit seeking severance benefits.

10.     I have not made, or caused to be made, any copies of any kind of any of the Transferred Files, or of any content of the Transferred Files, other than such copies or information that I have provided to my current counsel of record for purposes of this lawsuit seeking severance benefits.

11.     I understand and agree that utilizing or distributing the Transferred Files, or any information contained in the Transferred Files, for any purpose other than my claim and appeal for severance benefits, would be a violation of the terms of the Confidentiality Agreement.

12.     I understand and stipulate that my attorney and I will return the Transferred Files, including any copies thereof, to Pfizer, through its current counsel of record, no later than thirty (30) days after (1) final judgment is entered in this action or (2) final resolution of any appeal in this action, whichever is later. In the alternative, I stipulate and agree that all such copies and records must be destroyed and the destruction confirmed by submission of my sworn declaration affirming, under penalty of perjury, that all such copies and/or records have been destroyed.

13.     I have knowingly and willingly authorized my counsel of record to execute the Stipulation and Order associated with this Affidavit, and I stipulate and consent to the terms thereof.

14.     I declare under penalty of perjury, under the laws of the United States of America and the State of California, that

      a.   the foregoing statements are true and correct,

      b.   I agree and understand that Defendants' dismissal, without prejudice, of Pfizer's Counterclaims in this litigation is in reliance upon my foregoing affirmations as well as my continued compliance therewith, and

      c.   failure to comply by me or my counsel with the foregoing affirmations and/or the Court's Stipulation and Order issued pursuant to this Affidavit shall be redressable by reinstatement of the Counterclaims or via the Court's contempt authority or other appropriate judicial powers, including with respect to alleged actions or omissions that violate or are otherwise in conflict with the above affirmations and/or the Court's Stipulation and Order issued pursuant to this Affidavit, after the termination of the instant lawsuit.

1

2          Executed this ___ day of January, 2018 at _____, _____.

3                                              _s/Tina Sampath_____
                                                      Tina Sampath
4

5    Sworn to and subscribed before me
     this _____ day of _____, 2018.
6

7    _____
     Notary Public
8    My Commission Expires: _____

9

10

11   4820-4272-1114, v. 1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Affidavit of Tina Sampath Regarding          4          CASE NO.: 3:17-CV-04851-EMC
Counterclaims

EXHIBIT A



**MEDIVATION INC.**
**CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT**

As an employee of Medivation, Inc., any of its subsidiaries, affiliates, successors or assigns (collectively, the "Company"), and in consideration of the compensation now and hereafter paid to me, I hereby agree as follows:

1.  **Maintaining Confidential Information**

    a.  <u>Company Information</u>.  I agree at all times during the term of my employment and thereafter to hold in strictest confidence, and not to use, except for the benefit of the Company, or to disclose to any person, firm or corporation without written authorization of the Company, any trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs (including source code and object code), data bases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its clients, customers, consultants or licensees.

    b.  <u>Third Party Information</u>.  I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree during the term of my employment and thereafter, to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation (except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party) or to use it for the benefit of anyone other than for the Company or such third party (consistent with the Company's agreement with such third party) without the express prior written authorization of the Company.

2.  **Retaining and Assigning Inventions and Original Works**

    a.  <u>Inventions and Original Works Retained by Me</u>.  I have attached hereto, as Exhibit A, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with the Company (collectively, the "Prior Inventions"), which belong to me, which relate to the Company's proposed or current business, products or research and development, and which

are not assigned to the Company; or, if no such list is attached, I represent that there are no such inventions. If in the course of my employment with the Company, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, the Company is hereby granted and shall have a non-exclusive, royalty free, irrevocable, perpetual, or world-wide license to make, have made, sublicense, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

      b.    <u>Inventions and Original Works Assigned to the Company</u>.

        (i)    I agree that I will promptly make full written disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and will transfer, convey, release and assign to the Company all my right, title, and interest, if any, in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of the Company.

        (ii)    If I have been employed by the Company for any period of time prior to the execution of this Agreement, by execution of this Agreement I hereby transfer, convey, release and assign to the Company all my right, title and interest, if any, in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets which I have solely or jointly conceived or developed or reduced to practice, or caused to be conceived or developed or reduced to practice, during the period of time that I have been employed with the Company. The inventions, original works of authorship, developments, concepts, improvements or trade secrets referred to in subsections (i) and (ii) and in subsection (i) above are collectively referred to as the "Inventions".

        (iii)    I acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of my employment and which are protectable by copyright are "works made for hire," as that term is defined in the United States Copyright Act.

      c.    **Maintenance of Records**. I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with the Company. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by the

Company. The records will be available to and remain the sole property of the Company at all times.

     d.    **Inventions Assigned to the United States**. I agree to assign to the United States government all my right, title, and interest in and to any and all inventions, original works of authorship, developments, improvements or trade secrets whenever such full title is required to be in the United States by a contract between the Company and the United States or any of its agencies.

     e.    **Patent and Copyright Registrations**. I agree to assist the Company, or its designee, at the Company's expense, in every proper way to secure and enforce the Company's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which the Company shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to the Company, its successors, assigns and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or other intellectual property rights relating thereto. I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement. If the Company is unable because of my mental or physical incapacity or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to the Company as above, then I hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or copyright registrations thereon with the same legal force and effect as if executed by me.

     f.    **Exception to Assignments**. I understand that the provisions of this Agreement requiring assignment to the Company do not apply to any Invention which qualifies fully under the following provisions of Section 2870 of the California Labor Code, a copy of which is attached hereto as Exhibit B. I will advise the Company promptly in writing of any Inventions that I believe meet the criteria of the California Labor Code Section 2870 and I will at that time provide to the Company in writing all evidence necessary to substantiate that belief.

    3.    **Conflicting Employment**. I agree that, during the term of my employment with the Company, I will not engage in any other employment, occupation, consulting or other business activity directly related to the business in which the Company is now involved or

becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to the Company.

4. **Returning Company Documents**. I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to the Company, its successors or assigns.

5. **Representations**. I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement. I represent that my performance of all the terms of this Agreement will not breach any agreement (i) to keep in confidence pro-prietary information acquired by me in confidence or in trust prior to my employment by the Company or (ii) to assign Inventions to any former employer or any other third party. I will not disclose to the Company or use on its behalf any confidential information belonging to others. I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

6. **Employee Solicitation**. I agree that for a period of six months from the date of termination of my employment with the Company that I will not, directly or indirectly, solicit or cause to be solicited for any person or entity other than the Company (i) any of the existing customers of the Company or (ii) any of the existing employees of the Company for purposes of obtaining their employment services; provided that clause (ii) above will not restrict me from soliciting customers of the Company in a line of business that is not substantially similar to the existing or future business of the Company.

7. **Equitable Relief**. I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Sections 1, 2, 4 and 6 herein. Accordingly, I agree that if I breach any of such Sections, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement. I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

8. **General Provisions**.

a. Acknowledgment. I acknowledge that I have had the opportunity to consult legal counsel in regard to this Agreement, that I have read and understood this Agreement, that I am fully aware of its legal effect, and that I have entered into it freely and voluntarily and based on my own judgment and not on any representations, understandings, or promises other than those contained in this Agreement.

b.    Governing Law. This Agreement will be governed by the laws of the State of California without giving effect to the conflicts of law principles thereof.

c.    Entire Agreement. This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions between us. No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

d.    Severability.  If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

e.    Successors and Assigns.  This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.


_____

Employee Signature                    Date


_____

Employee Name


_____

Witness

**EXHIBIT A**

**LIST OF PRIOR INVENTIONS
AND ORIGINAL WORKS OF AUTHORSHIP**

| Title | Date | Identifying Number or Brief Description |
|---|---|---|
| | | |

**Name of Employee:**

**Vice President, Intellectual Property:**

(If Exhibit A is not completed, signature of the Vice President, Intellectual Property is not required.)

**EXHIBIT B**

**CALIFORNIA LABOR CODE SECTION 2870**
**EMPLOYMENT AGREEMENTS; ASSIGNMENT OF RIGHTS**

"(a)  Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

>  (1)  Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer.

>  (2)  Result from any work performed by the employee for the employer.

(b)  To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable."

**EXHIBIT C**

**TERMINATION CERTIFICATION**

This is to certify that I do not have in my possession, nor have I failed to return, any devices, records, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to Medivation, Inc., its subsidiaries, affiliates, successors or assigns (together, the "Company").

I further certify that I have complied with all the terms of the Company's Confidential Information and Invention Assignment Agreement signed by me, including the reporting of any inventions and original works of authorship (as defined therein), conceived or made by me (solely or jointly with others) covered by that agreement.

I further agree that, in compliance with the Confidential Information and Invention Assignment Agreement, I will preserve as confidential all trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs, data bases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its clients, customers, consultants, or licensees.

Date: _____


_____
(Employee's Signature)


_____
(Type/Print Employee's Name)

| Confidential Information and Invention Assignment Agreement | 01/01/1900 | PDF Confidential Information & Invention Assignment Agreement.pdf | Acknowledgment | Tina Sampath (Terminated) | 03/31/2016 11:07:22 AM | I hereby certify that I have read, understand, and agree to comply wit the terms of Medivation Inc.'s Confidential Information and Inventi Assignment Agreement. |

EXHIBIT 2

Samantha N. Hoffman (SBN 212135)
Rassa L. Ahmadi (SBN 287576)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
HoffmanS@jacksonlewis.com
Rassa.Ahmadi@jacksonlewis.com

Ashley B. Abel (*Pro Hac Vice*)
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Tel: (864) 232-7000
Fax: (864) 235-1381
AbelA@jacksonlewis.com

Attorneys for Defendants
PFIZER INC. and MEDIVATION, INC. 2015 SEVERANCE PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

|  |  |
|---|---|
| TINA SAMPATH,<br><br>          Plaintiff,<br><br>   vs.<br><br>PFIZER INC., MEDIVATION, INC. 2015<br>SEVERANCE PLAN,<br><br>          Defendants. | CASE NO.: 3:17-CV-04851-EMC<br><br>*[Related to Forer v. Pfizer Inc., et al.,*<br>*Case No. 17-cv-05997-EMC]*<br><br>**AFFIDAVIT OF DANIEL FEINBERG**<br>**REGARDING COUNTERCLAIMS BY**<br>**DEFENDANT PFIZER INC.** |

I, Daniel Feinberg, declare under penalty of perjury as follows:

1. I am counsel of record for Plaintiff Tina Sampath ("Plaintiff") in this lawsuit. I have personal knowledge of the facts stated in this Affidavit. If called as a witness, I can truthfully and competently testify to these facts.

2. I have reviewed the Counterclaims filed against Plaintiff by Defendant Pfizer Inc., and have prepared this Affidavit in support of the Parties' Joint Stipulation and proposed Order resolving said Counterclaims.

3. I am informed that Plaintiff signed the Medivation Confidential Information and Invention Assignment Agreement on March 31, 2016, a copy of which is attached as Exhibit A (the "Confidentiality Agreement"). The terms of the Agreement are incorporated herein by reference.

4. I received certain electronic files from Plaintiff solely for purposes of her claim and appeal for severance benefits under the Medivation, Inc. 2015 Severance Plan (the "Plan").

5. I am informed that these electronic files were transferred by Plaintiff from Pfizer's electronic records to her personal email account (the "Transferred Files"). Included in the Transferred Files were PowerPoints, emails, spreadsheets, and other documents that Pfizer marked as "confidential," "privileged," and/or "internal use only," including with respect to such areas as marketing, branding, and financial planning and results, as well as documents relating to information provided or developed by third-party consultants.

6. Except for documents that have been filed under seal in this action, I have not provided copies of any of the Transferred Files to any person or entity other than Defendants, Defendants' counsel, and persons within the law firm of Feinberg, Jackson, Worthman & Wasow LLP.

7. Except for documents that have been filed under seal in this action, I have not disclosed any information contained in any of the Transferred Files to any person or entity other than Defendants, Defendants' counsel, and persons within the law firm of Feinberg, Jackson, Worthman & Wasow LLP.

8. I understand and stipulate that my firm will return the Transferred Files, including any copies or any records of the information contained in the Transferred Files, to Pfizer, through its current counsel of record, no later than thirty (30) days after (1) final judgment is entered in this action or (2) final resolution of any appeal in this action, whichever is later. In the alternative, I stipulate and agree

that all such copies and records must be destroyed and the destruction confirmed by submission of my sworn declaration affirming, under penalty of perjury, that all such copies and/or records have been destroyed.

9. My firm will retain a copy of all documents in the public record docket for this action.

10. Plaintiff has expressly represented to me that she understands the terms of the Stipulation and Order associated with this Affidavit and has knowingly and willingly authorized me to execute said Stipulation and Order as her counsel of record.

11. I declare under penalty of perjury, under the laws of the United States of America and the State of California, that

    a. the foregoing statements are true and correct,

    b. I agree and understand that Defendants' dismissal, without prejudice, of Pfizer's Counterclaims in this litigation is in reliance upon my foregoing affirmations as well as my continued compliance therewith, and

    c. failure to comply by me or Plaintiff with the foregoing affirmations, and/or the Court's Stipulation and Order issued pursuant to this Affidavit, shall be redressable by refiling of the Counterclaims, or via the Court's contempt authority or other appropriate judicial powers, including with respect to alleged actions or omissions that violate or are otherwise in conflict with the above affirmations, and/or the Court's Stipulation and Order issued pursuant to this Affidavit, after the termination of the instant lawsuit.

Executed this 10th day of January, 2018 at Oakland, California.

_____
Daniel Feinberg

Sworn to and subscribed before me
this _____ day of _____, 2018.

_____
Notary Public
My Commission Expires: _____

SEE ATTACHED

4840-4949-9226, v. 1

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT** CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____ Alameda _____ )

On Jan. 10, 2018 before me, _____ D. DEKLEVA _____,
*Date*          *Here Insert Name and Title of the Officer*

personally appeared _____ Daniel Feinberg _____
*Name(s) of Signer(s)*

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> D. DEKLEVA
> Notary Public - California
> Alameda County
> Commission # 2169559
> My Comm. Expires Oct 25, 2020

Signature _____ DEKLEVA _____
*Signature of Notary Public*

*Place Notary Seal Above*

──────────────── **OPTIONAL** ────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827) Item #5907

EXHIBIT A



**MEDIVATION INC.**
**CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT**

As an employee of Medivation, Inc., any of its subsidiaries, affiliates, successors or assigns (collectively, the "Company"), and in consideration of the compensation now and hereafter paid to me, I hereby agree as follows:

    1.    **Maintaining Confidential Information**

        a.    <u>Company Information</u>.  I agree at all times during the term of my employment and thereafter to hold in strictest confidence, and not to use, except for the benefit of the Company, or to disclose to any person, firm or corporation without written authorization of the Company, any trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs (including source code and object code), data bases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its clients, customers, consultants or licensees.

        b.    <u>Third Party Information</u>.  I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree during the term of my employment and thereafter, to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation (except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party) or to use it for the benefit of anyone other than for the Company or such third party (consistent with the Company's agreement with such third party) without the express prior written authorization of the Company.

    2.    **Retaining and Assigning Inventions and Original Works**

        a.    <u>Inventions and Original Works Retained by Me</u>.  I have attached hereto, as Exhibit A, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with the Company (collectively, the "Prior Inventions"), which belong to me, which relate to the Company's proposed or current business, products or research and development, and which

are not assigned to the Company; or, if no such list is attached, I represent that there are no such inventions. If in the course of my employment with the Company, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, the Company is hereby granted and shall have a non-exclusive, royalty free, irrevocable, perpetual, or world-wide license to make, have made, sublicense, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

      b.     <u>Inventions and Original Works Assigned to the Company</u>.

      (i)     I agree that I will promptly make full written disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and will transfer, convey, release and assign to the Company all my right, title, and interest, if any, in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of the Company.

      (ii)     If I have been employed by the Company for any period of time prior to the execution of this Agreement, by execution of this Agreement I hereby transfer, convey, release and assign to the Company all my right, title and interest, if any, in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets which I have solely or jointly conceived or developed or reduced to practice, or caused to be conceived or developed or reduced to practice, during the period of time that I have been employed with the Company. The inventions, original works of authorship, developments, concepts, improvements or trade secrets referred to in subsections (i) and (ii) and in subsection (i) above are collectively referred to as the "Inventions".

      (iii)     I acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of my employment and which are protectable by copyright are "works made for hire," as that term is defined in the United States Copyright Act.

      c.     **Maintenance of Records**. I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with the Company. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by the

Company. The records will be available to and remain the sole property of the Company at all times.

      d.    **Inventions Assigned to the United States**. I agree to assign to the United States government all my right, title, and interest in and to any and all inventions, original works of authorship, developments, improvements or trade secrets whenever such full title is required to be in the United States by a contract between the Company and the United States or any of its agencies.

      e.    **Patent and Copyright Registrations**. I agree to assist the Company, or its designee, at the Company's expense, in every proper way to secure and enforce the Company's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which the Company shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to the Company, its successors, assigns and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or other intellectual property rights relating thereto. I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement. If the Company is unable because of my mental or physical incapacity or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to the Company as above, then I hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or copyright registrations thereon with the same legal force and effect as if executed by me.

      f.    **Exception to Assignments**.  I understand that the provisions of this Agreement requiring assignment to the Company do not apply to any Invention which qualifies fully under the following provisions of Section 2870 of the California Labor Code, a copy of which is attached hereto as Exhibit B. I will advise the Company promptly in writing of any Inventions that I believe meet the criteria of the California Labor Code Section 2870 and I will at that time provide to the Company in writing all evidence necessary to substantiate that belief.

    3.    **Conflicting Employment**.  I agree that, during the term of my employment with the Company, I will not engage in any other employment, occupation, consulting or other business activity directly related to the business in which the Company is now involved or

becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to the Company.

4. **Returning Company Documents**. I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to the Company, its successors or assigns.

5. **Representations**. I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement. I represent that my performance of all the terms of this Agreement will not breach any agreement (i) to keep in confidence pro-prietary information acquired by me in confidence or in trust prior to my employment by the Company or (ii) to assign Inventions to any former employer or any other third party. I will not disclose to the Company or use on its behalf any confidential information belonging to others. I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

6. **Employee Solicitation**. I agree that for a period of six months from the date of termination of my employment with the Company that I will not, directly or indirectly, solicit or cause to be solicited for any person or entity other than the Company (i) any of the existing customers of the Company or (ii) any of the existing employees of the Company for purposes of obtaining their employment services; provided that clause (ii) above will not restrict me from soliciting customers of the Company in a line of business that is not substantially similar to the existing or future business of the Company.

7. **Equitable Relief**. I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Sections 1, 2, 4 and 6 herein. Accordingly, I agree that if I breach any of such Sections, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement. I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

8. **General Provisions**.

a. Acknowledgment. I acknowledge that I have had the opportunity to consult legal counsel in regard to this Agreement, that I have read and understood this Agreement, that I am fully aware of its legal effect, and that I have entered into it freely and voluntarily and based on my own judgment and not on any representations, understandings, or promises other than those contained in this Agreement.

b.      Governing Law. This Agreement will be governed by the laws of the State of California without giving effect to the conflicts of law principles thereof.

c.      Entire Agreement. This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions between us. No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

d.      Severability.  If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

e.      Successors and Assigns.  This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.


_____
Employee Signature                          Date


_____
Employee Name


_____
Witness

**EXHIBIT A**

**LIST OF PRIOR INVENTIONS
AND ORIGINAL WORKS OF AUTHORSHIP**

| Title | Date | Identifying Number or Brief Description |
|---|---|---|
| | | |

Name of Employee:

Vice President, Intellectual Property:

(If Exhibit A is not completed, signature of the Vice President, Intellectual Property is not required.)

**EXHIBIT B**

**CALIFORNIA LABOR CODE SECTION 2870**
**EMPLOYMENT AGREEMENTS; ASSIGNMENT OF RIGHTS**

"(a)     Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

> (1)     Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer.
>
> (2)     Result from any work performed by the employee for the employer.

(b)     To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable."

**EXHIBIT C**

**TERMINATION CERTIFICATION**

This is to certify that I do not have in my possession, nor have I failed to return, any devices, records, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items belonging to Medivation, Inc., its subsidiaries, affiliates, successors or assigns (together, the "Company").

I further certify that I have complied with all the terms of the Company's Confidential Information and Invention Assignment Agreement signed by me, including the reporting of any inventions and original works of authorship (as defined therein), conceived or made by me (solely or jointly with others) covered by that agreement.

I further agree that, in compliance with the Confidential Information and Invention Assignment Agreement, I will preserve as confidential all trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs, data bases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its clients, customers, consultants, or licensees.

Date: _____

_____
(Employee's Signature)

_____
(Type/Print Employee's Name)

| Confidential Information and Invention Assignment Agreement | 01/01/1900 | [PDF] Confidential Information & Invention Assignment Agreement.pdf | Acknowledgment | Tina Sampath (Terminated) | 03/31/2016 11:07:22 AM | I hereby certify that I have read, understand, and agree to comply wit the terms of Medivation Inc.'s Confidential Information and Inventi Assignment Agreement. |